## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIAM T. QUINN and DAVID
CROSS,

*Plaintiffs,*

v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State
of Georgia,

*Defendant,*

and

GALEO LATINO COMMUNITY
DEVELOPMENT FUND, INC., and
COMMON CAUSE GEORGIA,

*Defendant-Intervenors, Counterclaim
Plaintiffs, and Cross-Claimants*

**Civil Action Number**

**1:24-CV-4364-SCJ**

## ANSWER, COUNTERCLAIM, AND CROSS-CLAIM OF
## DEFENDANT-INTERVENORS GALEO LATINO COMMUNITY
## DEVELOPMENT FUND, INC., AND COMMON CAUSE GEORGIA

Defendant-Intervenors GALEO Latino Community Development Fund, Inc.,

and Common Cause Georgia answer the Complaint in this action and assert their

affirmative defenses, answer, counterclaim, and cross-claim as follows:

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing to assert the claims asserted in the Complaint.

3.     Plaintiffs are not entitled to the relief sought against Defendant Raffensperger because Defendant did not act or fail to act as alleged by the Plaintiffs.

## ANSWER TO ALLEGATIONS OF COMPLAINT

1.     Defendant-Intervenors acknowledge that Plaintiffs purport to bring claims under federal and Georgia law relating to Georgia's voter registration list maintenance practices and otherwise deny the allegations of Paragraph 1 as stated.

2.     Defendant-Intervenors deny the allegations of Paragraph 2.

3.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3 and therefore deny same.

4.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4 and therefore deny same.

5.     Defendant-Intervenors admit the allegations of Paragraph 5.

6.     Defendant-Intervenors acknowledge that Plaintiffs seek to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1331 and otherwise deny the allegations of Paragraph 6.

7.      Defendant-Intervenors acknowledge that Plaintiffs seek to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and otherwise deny the allegations of Paragraph 7.

8.      Defendant-Intervenors admit the allegations of Paragraph 8.

9.      Defendant-Intervenors acknowledge that the NVRA was enacted, in part, to promote electoral integrity and otherwise deny the allegations of Paragraph 9.

10.     Defendant-Intervenors deny the allegations of Paragraph 10 as stated.

11.     Defendant-Intervenors acknowledge that Plaintiffs have quoted a portion of the NVRA and otherwise deny the allegations of Paragraph 11.

12.     Defendant-Intervenors admit that the NVRA does not require states to follow a specific program to maintain the accuracy of its voter registration lists, acknowledge that Plaintiffs have quoted a portion of the NVRA, and otherwise deny the allegations of Paragraph 12.

13.     Defendant-Intervenors acknowledge that Plaintiffs have quoted a portion of the NVRA and otherwise deny the allegations of Paragraph 13.

14.     Defendant-Intervenors acknowledge that Plaintiffs have quoted a portion of HAVA and otherwise deny the allegations of Paragraph 14.

15.     Defendant-Intervenors acknowledge that Georgia has enacted certain voter registration list maintenance procedures in its state election code and otherwise deny the allegations of Paragraph 15.

16.     Defendant-Intervenors admit the allegations of Paragraph 16.

17.     Defendant-Intervenors acknowledge that Plaintiffs have referenced a certain provision of the Georgia Election Code and otherwise deny the allegations of Paragraph 17.

18.     Defendant-Intervenors acknowledge that Plaintiffs have quoted certain provisions of the Georgia Election Code and otherwise deny the allegations of Paragraph 18.

19.     Defendant-Intervenors acknowledge that Plaintiffs have quoted certain provisions of the Georgia Election Code and otherwise deny the allegations of Paragraph 19.

20.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 and therefore deny same.

21.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 and therefore deny same.

22.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 and therefore deny same.

23.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 and therefore deny same.

24.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 and therefore deny same.

25.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 and therefore deny same.

26.     Defendant-Intervenors acknowledge that Defendant Raffensperger issued a press release dated October 2, 2023, entitled "Raffensperger Continues

Comprehensive Off-Year List Maintenance Effort," and otherwise deny the allegations of Paragraph 26.

27.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27 and therefore deny same.

28.     Defendant-Intervenors deny the allegations of Paragraph 28.

29.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29 and therefore deny same.

30.     Defendant-Intervenors acknowledge that Plaintiff purports to summarize the content of a letter it allegedly sent to Defendant Raffensperger and otherwise deny the allegations of Paragraph 30.

31.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31 and therefore deny same.

32.     Defendant-Intervenors acknowledge that Plaintiffs purport to summarize the content of a letter they allegedly sent to Defendant Raffensperger and otherwise deny the allegations of Paragraph 32.

33.     Defendant-Intervenors acknowledge that Plaintiffs purport to summarize the content of a letter they allegedly sent to Defendant Raffensperger and otherwise deny the allegations of Paragraph 33.

34.     Defendant-Intervenors acknowledge that Plaintiffs purport to summarize the content of a letter they allegedly sent to Defendant Raffensperger and otherwise deny the allegations of Paragraph 34.

35.     Defendant-Intervenors deny the allegations of Paragraph 35.

36.     Defendant-Intervenors deny the allegations of Paragraph 36.

37.     Defendant-Intervenors acknowledge that Plaintiffs have quoted a portion of the NVRA and otherwise deny the allegations of Paragraph 37.

38.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38 and therefore deny same.

39.     Defendant-Intervenors acknowledge the possibility that Georgia has undertaken list maintenance activities since June 30, 2024, and otherwise deny the allegations of Paragraph 39.

40.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 40 and therefore deny same.

41.     Defendant-Intervenors deny the allegations of Paragraph 41.

42.     Defendant-Intervenors incorporate each of their answers and affirmative defenses to the foregoing paragraphs as if fully set forth herein.

43.     Defendant-Intervenors deny the allegations of Paragraph 43.

44.     Defendant-Intervenors acknowledge that Plaintiffs have referenced or purported to summarize certain portions of the NVRA and the Georgia Election Code and otherwise deny the allegations of Paragraph 44.

45.     Defendant-Intervenors deny the allegations of Paragraph 45.

46.     Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 and therefore deny same.

47.     Defendant-Intervenors incorporate each of their answers and affirmative defenses to the foregoing paragraphs as if fully set forth herein.

48. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 48 and therefore deny same.

49. Defendant-Intervenors acknowledge that Plaintiffs have referenced or purported to summarize certain portions of the Georgia Election Code and otherwise deny the allegations of Paragraph 49.

50. Defendant-Intervenors deny the allegations of Paragraph 50.

51. **GENERAL DENIAL: Any paragraph of the Complaint that has not been expressly admitted, denied, or otherwise sufficiently responded to is hereby expressly denied.**

WHEREFORE, Defendant-Intervenors prays that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, or that judgment be entered in favor of Defendant-Intervenors and against Plaintiffs, and that Defendant-Intervenors be awarded their costs and expenses as allowed by law.

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| WILLIAM T. QUINN and DAVID CROSS,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>*Defendant,*<br><br>and<br><br>GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., and COMMON CAUSE GEORGIA,<br><br>*Defendant-Intervenors, Counterclaim Plaintiffs, and Cross-Claimants* | **Civil Action Number**<br>**1:24-CV-4364-SCJ** |

## COUNTERCLAIM AND CROSS-CLAIM OF DEFENDANT-INTERVENORS GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., AND COMMON CAUSE GEORGIA

Defendant-Intervenors GALEO Latino Community Development Fund, Inc. ("GALEO") and Common Cause Georgia ("Common Cause") assert their Counterclaim against Plaintiffs William T. Flynn and David Cross, individually, and their Cross-Claim against Defendant Brad Raffensperger in his official Capacity as Secretary of State of Georgia, as follows:

# INTRODUCTION

1.    In the lead-up to the 2024 general election, in which the President of the United States and Members of Congress will be elected, election deniers and purveyors of voter suppression have made a concerted effort to wreak havoc and chaos in battleground states like Georgia. Among the ways that these individuals carry out their mischief is by lodging mass challenges to registered voters' eligibility to vote in the weeks preceding the election—when election officials are at their busiest and when voters are at their most vulnerable. These pernicious efforts by antidemocratic individuals are designed to and do have the predictable effect of thwarting the good work of nonprofit organizations like GALEO and Common Cause to increase civic participation and voting among vulnerable and underrepresented Georgia populations and endangering the voting rights of Defendant-Intervenors' members and constituents across Georgia.

2.    For more than 20 years, the National Voter Registration Act of 1993 ("NVRA") has prohibited systematic list maintenance activities within 90 days of a federal election. 52 U.S.C. § 20507(c)(2)(A). This 90-day "Quiet Period" is designed to prevent the exact types of frenzied purge activities that voter suppressors had

traditionally engaged in prior to the enactment of the NVRA, the results of which tended to impact citizens of color negatively and disproportionally.

3.     The NVRA also prohibits—*at all times*—the removal of registered voters from the rolls based on an alleged change of address until after the voter has received written notice from an election official and then either failed to respond to that notice or failed to vote for two consecutive federal general election cycles after the notice was sent. *Id.* § 20507(d). Here again, Congress sought through the NVRA to counteract "discriminatory and unfair registration laws and procedures [that] can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities." *Id.* § 20501(a)(3).

4.     In direct contravention of the NVRA's mandates and protections, Plaintiffs herein are seeking to induce Defendant Secretary of State Brad Raffensperger ("SOS" or "Secretary") into engaging in prohibited list maintenance activities within 90 days of a federal election. Specifically, based on their questionable, haphazard, and unproven "matching" of Georgia's voter file data with National Change of Address ("NCOA") data from the U.S. Postal Service, Plaintiffs hope to pressure the SOS into changing the registration status of thousands of

registered Georgia voters from "active" to "inactive," which would likely interfere with those voters' ability to cast a regular ballot on or prior to Election Day.

5.      In so doing, Plaintiffs are infringing upon the rights of Defendant-Intervenors and their members as secured by the Constitution and laws of the United States.

6.      Thus far, the SOS has not acted upon Plaintiffs' entreaties; however, given these Plaintiffs' efforts and those of their allies in copycat actions across the state, coupled with the SOS's failure to quash those efforts and issue clear guidance to all election officials that such challenges are prohibited by the NVRA, a controversy has arisen concerning the respective rights and responsibilities of Plaintiffs, the SOS, and Defendant-Intervenors. Accordingly, Defendant-Intervenors bring this action to settle this controversy for the benefit of all parties.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1343, 1357, and 1367.

8.      This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and Rules 57 and 65 of the Federal Rules of Civil Procedure to grant the declaratory and injunctive relief requested.

9.     Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 90 and 1391(b).

## PARTIES

10.     Defendant-Intervenor (and counterclaimant/cross-claimant) GALEO is a Georgia nonprofit corporation and 501(c)(3) public charitable organization with its registered office in Gwinnett County, Georgia.

11.     Founded in 2004, GALEO is a statewide nonprofit, nonpartisan organization with the mission to increase civic engagement and leadership development of the Latino/Hispanic community across Georgia.

12.     GALEO's membership includes numerous individuals and constituents who are registered voters in Georgia.

13.     Defendant-Intervenor (and counterclaimant/cross-claimant) Common Cause is a not-for-profit corporation with offices in Atlanta, Fulton County, Georgia.

14.     Common Cause is one of the nation's leading grassroots democracy-focused organizations and has over 1.2 million members nationwide and chapters in 25 states, including Georgia. Common Cause works to strengthen public participation in our democracy and ensure that public officials and public institutions are accountable and responsive to citizens.

15.    Common Cause's membership includes numerous individuals and constituents who are registered voters in Georgia.

16.    Defendant Brad Raffensperger is the elected Secretary of State of Georgia and the chief state election official responsible for the coordination of Georgia's responsibilities under the NVRA. GALEO brings this cross-claim against the SOS in his official capacity, for purposes of declaratory and injunctive relief only.

17.    On information and belief, Plaintiff (and counterclaim defendant) William T. Quinn is a resident, taxpayer, and registered voter in Suwanee, Gwinnett County, Georgia.

18.    On information and belief, Plaintiff (and counterclaim defendant) David Cross is a resident, taxpayer, and registered voter in Suwanee, Gwinnett County, Georgia.

## FACTS

19.    On November 5, 2024, a general election will be held in Georgia and across the country in which federal candidates for office will be running.

20.    Pursuant to Section 8(c)(2)(A) of the NVRA, by August 7, 2024—the ninetieth day prior to the November 5, 2024, federal general election—Georgia was

required to have completed all systematic list maintenance activities relating to the identification and removal of registered voters from the rolls on account of their potential ineligibility due to a change in their residence.

21.     Given this 90-day federally mandated "Quiet Period" before federal primary and general elections, Georgia election officials tend to conduct their regular systematic list maintenance activities in odd-numbered years, so that such activities will be completed prior to the Quiet Period.

22.     The alteration of a registered voter's status from "active" to "inactive" on the official list of eligible voters is part of a program the purpose of which is to identify and systematically remove voters who are suspected of no longer being eligible to vote in the jurisdiction because of a change in the voter's residence.

23.     Pursuant to Georgia law, the list of "inactive" voters (or "electors") is a list separate from the "official list of electors." O.C.G.A. § 21-2-235. Further, "[t]he names of electors on the inactive list of electors shall not be counted in computing the number of ballots required for an election, the number of voting devices needed for a precinct, the number of electors required to divide or constitute a precinct, or the number of signatures needed on any petition." *Id.*

24.     On information and belief, Plaintiffs and other persons presently unknown to Defendant-Intervenors obtained a list of voter registration data that was purchased from the SOS on or about June 30, 2024.

25.     On information and belief, at some time between June 30, 2024, and September 3, 2024, Plaintiffs and other persons presently unknown to Defendant-Intervenors manipulated the SOS voter registration data purchased from the SOS by running that data through certain proprietary databases of the U.S. Postal Service in an effort to generate a list of registered Georgia voters whom Plaintiffs suspected of being ineligible to vote by reason of a change in their residence address.

26.     On information and belief, on or about September 3, 2024—within the 90-day Quiet Period—Plaintiff Quinn sent the SOS a letter accompanied by a flash drive with folders containing spreadsheets listing the names of registered Georgia voters whom Plaintiffs believed, based on their own data matching, to be ineligible to vote because of a change in the voters' residence to a place outside of the jurisdiction in which they were registered. Plaintiff Quinn requested that the SOS initiate the process of moving the voters he identified to the "inactive" list and sending them a confirmation of registration notice.

27. After the SOS had not responded to Plaintiff Quinn's request within 20 days of receiving it, Plaintiffs initiated the instant suit against the SOS, alleging violations of the NVRA and Georgia election law.

28. In Defendant-Intervenors' experience, calls from outside individuals and groups, such as Plaintiffs, for state and local election officials to conduct unlawful voter registration list maintenance activities close to a federal election can directly frustrate and impede Defendant-Intervenors' core missions to increase civic engagement, leadership development, and political participation of Black and Brown communities across Georgia, to combat voter suppression, and to strengthen democracy and public accountability. Such calls tend to sow confusion and fear among Defendant-Intervenors' membership and constituencies and consequently force Defendant-Intervenors to divert its limited resources toward directly combatting the negative effects of such activities.

29. Upon becoming aware of Plaintiffs' efforts to force the SOS to conduct systematic list maintenance so close to the 2024 general election, Defendant-Intervenors became concerned that those efforts would adversely impact their members and constituents by either dissuading them from voting altogether or

causing them to face increased burdens in voting, either during the early voting period or on Election Day itself.

30.     In the final days before the October 7, 2024, deadline for registering to vote in Georgia—Defendant-Intervenors have been compelled to divert precious staff time away from planning crucial voter registration activities and recruiting new, eligible voters, and instead pivot to combatting efforts by Plaintiffs and others to lodge mass voter challenges with election officials across the state. This inflicts real damage to Defendant-Intervenors' core organizational mission and priorities.

31.     If successful, this suit could result in the unlawful inactivation of thousands of eligible, active, and registered voters, including some of Defendant-Intervenors' members and constituents. Defendant-Intervenors and their members thus have a strong interest in preventing such infringement with the rights of eligible voters in Georgia.

## COUNT 1: DECLARATORY JUDGMENT
### (Against Plaintiffs and Defendant Raffensperger)

32.     Defendant-Intervenors restate and incorporate the previous allegations of the Counterclaim/Cross-Claim as if fully set forth herein.

33.     By taking action to force the SOS to conduct systematic list maintenance activities within the 90-day Quiet Period, Plaintiffs have created a

controversy regarding the respective rights and responsibilities of Plaintiffs, the SOS, Defendant-Intervenors, and their members with respect to the NVRA and Georgia election law.

34.     Without a judicial determination of the parties' respective rights and responsibilities, the parties will remain uncertain. Accordingly, GALEO is entitled to declaratory judgment and appropriate injunctive relief to guide the parties' activities in advance of, on, and after the November 5, 2024, federal general election.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant-Intervenors respectfully request that the Court enter a judgment in their favor providing the following relief:

(1)     Declare that Plaintiffs' requests to Defendant SOS to conduct systematic list maintenance activities in advance of the November 5, 2024, federal general election and to implement a systematic removal program within the 90-day Quiet Period are unlawful under the NVRA.

(2)     Permanently enjoin Defendant SOS from undertaking any systematic activities within 90 days of a federal primary or general election—either voluntarily or pursuant to a privately initiated mass challenge—to identify, remove, declare "inactive," or otherwise change the "active" status of registered voters who are

suspected of having become ineligible to vote based on a change of their residence to a place outside of their registered jurisdiction.

(3)     Grant GALEO such additional and further relief as this Court deems just and proper.

Respectfully submitted this 2nd day of October, 2024.

**/s/ Bradley E. Heard**
Bradley E. Heard
(GA Bar No. 342209)
Avner M. Shapiro*
Jack Genberg
(GA Bar No. 144076)
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste 550
Washington, DC 20036
Telephone: (888) 414-7752

Courtney O'Donnell
(GA Bar No. 164720)
Pichaya Poy Winichakul
(GA Bar 246858)
SOUTHERN POVERTY LAW CENTER
150 E Ponce de Leon Ave Ste 340
Decatur, GA 30030
Telephone: (404) 521-6700

*Counsel for Defendant-Intervenors GALEO Latino Community Development Fund and Common Cause Georgia*

\* *Pro hac vice* application to be filed

## CERTIFICATION OF FONT AND POINT SIZE

Pursuant to Local Rule 7.1(D), this will certify that the within and foregoing document was prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B), specifically Times New Roman, 14 point.

This 2nd day of October, 2024.

*/s/ Bradley E. Heard*
Bradley E. Heard (GA Bar # 342209)

## CERTIFICATE OF SERVICE

This will certify that I have this day filed the within and foregoing **Answer, Counterclaim and Cross-Claim of Defendant-Intervenors GALEO Latino Community Development Fund, Inc.** electronically using the CM/ECF filing system, which automatically sends notice and a copy of the filing to all counsel of record via electronic mail.

This 2nd day of October, 2024.

*/s/ Bradley E. Heard*
Bradley E. Heard (GA Bar # 342209)