IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM T. QUINN AND DAVID CROSS, *Plaintiffs,* v. BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, *Defendant.* | Civil Action File No.: 1:24-cv-04364-SCJ |

**<u>BRIEF IN SUPPORT OF SECRETARY RAFFENSPERGER'S
MOTION TO STAY DISCOVERY AND ALL PRE-DISCOVERY
DEADLINES PENDING RESOLUTION OF MOTION TO DISMISS</u>**

## INTRODUCTION

The Secretary has filed a Motion to Dismiss that makes a facial challenge to the Amended Complaint. The Secretary argues that this Court lacks jurisdiction over Plaintiffs' claims, and that even if the Court had jurisdiction, Plaintiffs have failed to state a claim under the National Voter Registration Act ("NVRA"). Because the Secretary's Motion to Dismiss has the potential to dispense with all claims without discovery, in the interests of efficiency and justice, the Secretary respectfully requests that the Court stay all discovery related activities, including the planning conference and the submission of the written discovery plan required under Fed. R. Civ. P. 26(f) and N.D. Ga. Loc. R. 16.1, 16.2, 16.3 and 26, and pretrial deadlines pending resolution of the Secretary's Motion to Dismiss.

## ARGUMENT

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). "This discretion is not unfettered however." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Perez*, 297 F.3d at 1263 (internal quotation marks omitted). Accordingly, the

Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins[,]" because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama*, 123 F.3d at 1367.

Secretary Raffensperger's motion to dismiss the amended complaint challenges this Court's jurisdiction over Plaintiffs' NVRA claims and therefore has the potential to dispense with all of Plaintiffs' claims. *See* Dkt. 48-1. The Secretary makes a facial challenge to the Amended Complaint and argues that this court lacks jurisdiction under Article III because Plaintiffs have failed to allege that they have suffered a concrete, particularized injury. *See id.* at 8–15. Moreover, the Secretary argues that even assuming the Court had jurisdiction and assuming all well-pled factual allegations to be true, Plaintiffs have failed to state a claim under the NVRA. *See id.* at 16–25. As the Motion to Dismiss presents a pure legal question with no issues of fact, in accordance with Eleventh Circuit mandate, it must be resolved before discovery begins. *Chudasama*, 123 F.3d at 1367. A favorable ruling on the pending motion to dismiss would render discovery unnecessary and save both parties time and resources.

Thus, in the interests of efficiency and justice, and in order to avoid any further undue costs and burdens of discovery, this Court should stay all discovery related activities pending a final disposition of the Secretary's Motion to Dismiss. Without limitation, Secretary Raffensperger specifically requests that the stay be made applicable to all initial filings and other deadlines, including without limitation the initial disclosure obligations and also any additional conference and reporting obligations under Fed. R. Civ. P. 26 and N.D. Ga. Loc. R. 16.1, 16.2, 16.3 and 26.1, and also to all claims and all parties in the action.

## CONCLUSION

Secretary Raffensperger respectfully requests that this Motion to Stay discovery be granted and that the Court stay all discovery related activities, including without limitation the initial disclosure, conference and reporting obligations under Fed. R. Civ. P. 26 and N.D. Ga. Loc. R. 16.1, 16.2, 16.3 and 26.1, pending the final resolution of the pending motion to dismiss including the standing and jurisdictional issues raised therein.

This 2nd day of December, 2024.

                                Respectfully submitted,

                                CHRISTOPHER M. CARR      112505
                                Attorney General

BRYAN K. WEBB     743580
Deputy Attorney General

*/s/ Elizabeth T. Young*
ELIZABETH T. YOUNG     707725
Senior Assistant Attorney General

*/s/ Alexandra M. Noonan*
ALEXANDRA M. NOONAN     733236
Assistant Attorney General

*Attorneys for Secretary of State Brad Raffensperger*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Alexandra M. Noonan*
ALEXANDRA M. NOONAN    733236
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **BRIEF IN SUPPORT OF SECRETARY RAFFENSPERGER'S MOTION TO STAY DISCOVERY AND ALL PRE-DISCOVERY DEADLINES PENDING RESOLUTION OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF e-filing system, which will send notification of such filing to the parties of record via electronic notification.

Dated: December 2, 2024.

*/s/ Alexandra M. Noonan*
ALEXANDRA M. NOONAN       733236
Assistant Attorney General