IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM T. QUINN AND DAVID CROSS,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>Defendant. | C.A. No. 1:24-cv-04364-SCJ |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND ALL PRE-DISCOVERY DEADLINES

Plaintiffs William T. Quinn and David Cross ("Plaintiffs") oppose Defendant Brad Raffensperger's ("Defendant") motion to stay discovery and all pre-discovery deadlines pending resolution of Defendant's motion to dismiss. (Dkt. No. 50.) Plaintiff is perplexed as to why Defendant is seeking an order staying discovery. That is because under this Court's local rules, discovery has not yet begun and will not begin until after Defendant's pending motion to dismiss is resolved and Defendant has filed an answer. Moreover, Defendant's motion to stay improperly relies on the presumption that his motion to dismiss will be granted. The Court should not prejudge Defendant's motion to dismiss as Defendant requests. Accordingly, Defendant's motion to stay should be denied.

A district court has "broad discretion" to grant or deny a motion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This includes "discretion over the management of pretrial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Defendant asks that discovery be stayed until after his motion to dismiss is decided. However, such a request is not necessary here. That is because the discovery period will not "commence [until] thirty days after the appearance of the first defendant by answer to the complaint." LR 26.2(A). Filing a Rule 12(b) motion does not start the commencement of discovery. *See id.* Defendant has not filed an answer to the complaint, and he need not file an answer until after his pending motion to dismiss is denied. Fed. R. Civ. P. 12(a)(4). Because discovery will not begin until after Defendant's motion to dismiss is denied, Defendant's request that discovery be stayed pending resolution of that motion is moot.

Defendant also asks that other pretrial proceedings be stayed. Defendant cites no authority for this request other than the Court's general authority to decide whether to stay the case. Moreover, to the extent that Defendant seeks to base this stay on his expectation (shared by all defendants who file motions to dismiss) that his motion to dismiss will be granted, this request effectively asks the Court to prejudge that motion to dismiss. Such a request is wholly improper.

Here, there is no reason why the parties cannot continue with the menial initial tasks—such as the initial planning conference and creation of a discovery plan—while the Court considers the motion to dismiss. Indeed, the parties may well expend more time litigating this motion to stay than they would have expended taking the simple steps that Rule 26(f) requires.

Because Defendant's request to stay discovery is moot, and because Defendant has provided no valid reason for the Court to stay the pre-discovery deadlines, Defendant's motion to stay discovery and all pre-discovery deadlines should be denied.

Dated: December 16, 2024

Respectfully submitted,

*/s/ David Ludwig*
David Ludwig (Bar No. 425787)
DUNLAP BENNETT & LUDWIG PLLC
211 Church St. SE
Leesburg, VA 20175
Tel: (703) 777-7319
dludwig@dbllawyers.com

*Counsel for Plaintiffs William T. Quinn and David Cross*

## CERTIFICATE OF FONT AND POINT SELECTION

I hereby certify, under Local Rule 7.1(D), that the foregoing Response was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in Local Rule 5.1.

| | |
|---|---|
| Dated: December 16, 2024 | */s/ David Ludwig*<br>David Ludwig (Bar No. 425787)<br>DUNLAP BENNETT & LUDWIG PLLC<br>211 Church St. SE<br>Leesburg, VA 20175<br>Tel: (703) 777-7319<br>dludwig@dbllawyers.com<br><br>*Counsel for Plaintiffs William T. Quinn and David Cross* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served copies of this Response upon counsel of record in this case by filing a copy using the Court's electronic CM/ECF filing system, which will automatically cause copies of the same to be delivered.

Dated: December 16, 2024

*/s/ David Ludwig*
David Ludwig (Bar No. 425787)
DUNLAP BENNETT & LUDWIG PLLC
211 Church St. SE
Leesburg, VA 20175
Tel: (703) 777-7319
dludwig@dbllawyers.com

*Counsel for Plaintiffs William T. Quinn and David Cross*